NYE SCHNEIDER FOWLER COMPANY, Respondent, Appellant, *v.* P. J. BARNES, Appellant, Respondent, Impleaded with W. J. BARNES, Defendant.

Second Department, July 31, 1917.

**Principal and surety — pleading — answer — offsetting salary of agent against sums stolen — bond construed — defense based on acts of employer permitting employee to increase defalcation.**

In an action on a bond insuring an employer against defalcations, etc., by an employee and agent, the defendant is not entitled to offset salary due the agent against money which he stole, for an agent cannot collect his salary by stealing his employer's money, or defeat restoration by pleading a sum due.

But, *it seems* that if the surety would make the salary and money stolen a matter of mutual account, he must allege the amounts.

Where the bond insuring the honesty of the employee was unlimited as to time, locality or nature of the employment, and assured the employee's accountability for all property belonging to the employer of any name and nature, etc., and the obligation also recites the employer's engagement in business in several States, and that it needs various employees in various departments of work, which employees may be assigned to a different work or location as the employer might elect, it was not error for the court to strike out a defense setting out that the defendant's obligation was restricted by a concur ent oral agreement to the employee's conduct in a certain small store in a certain locality.

But it is a good partial defense to allege in substance that the employer knew that the employee was stealing and permitted him to increase his defalcation, for in such case the employer was increasing the damage done to the surety while the law required it to minimize it.

Appeal by the plaintiff, Nye Schneider Fowler Company, from so much of the order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Dutchess on the 24th day of February, 1917, as denies its motion for judgment on the pleadings as to certain alleged separate defenses.

Appeal by the defendant, P. J. Barnes, from so much of said order as strikes out the first and second defenses in his answer.

*Morschauser & Mack,* for the appellant, respondent, P. J. Barnes.

*N. Otis Rockwood,* for the respondent, appellant, Nye Schneider Fowler Company.

Thomas, J.:

The court refused the motion for judgment on the pleadings, as it should in view of the denial of essential allegations of the complaint, and refused it as to three further subdivisions of the answer, and granted it as to two other subdivisions. The 4th subdivision does not plead a valid forbearance of the debt for which the appellant is surety, or that the surety was hindered or prevented by extension of time for its payment. The 5th subdivision would offset salary due the agent against money he had stolen. An agent cannot collect his salary by stealing his employer's money, nor defeat restoration by pleading a sum due. If the surety may make a salary and money stolen a matter of mutual account, he should at least state the amount. However, it seems equita-

ble that it should be a matter of inquiry. The 1st and 2d subdivisions in question are to the effect that the bond was given to assure the employee's conduct in a certain small store in a named locality, and related to defalcation at that location only. But the bond is unlimited as to time, locality or nature of the employment, and assures the employee's accountability " for all moneys, bills payable, and property, of any name and nature belonging to said corporation, and well and truly transact the business of said corporation coming into his hands as such employee, and keep a correct, complete and perfect account thereof, and shall in all ways do all that is required of him on behalf of said corporation as such employee." Such expression of broad obligation follows recitals of the plaintiff's engagement in business in several States named, and that the company " need various employees in various departments of work, which employees or any of them, may be assigned to a different work or location, as said " company " may elect from time to time," and that Charles Barnes " has made application for employment upon a salary," etc. What has such breadth the answer would shrink to a small store at Modale, Iowa. So by the plea of a concurrent oral agreement, the written bond would dwindle from a quite comprehensive obligation to a matter of slight scope. I think that it may not be done under the present pleading. The 3d subdivision of the complaint states matter that may prove in whole or in part a defense. If the plaintiff knew that the employee was stealing, and permitted the person to increase his defalcation, it was increasing or suffering the damage to be done the defendant, while the law required it should minimize it. It may be also that the evidence will show that the plaintiff protected its erring employee against discovery by the surety and knowledge of his wrongdoing.

The order should be modified in accordance with this opinion, and as so modified affirmed, without costs.

JENKS, P. J., MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Order modified in accordance with opinion, and as so modified affirmed, without costs. Order to be settled on notice.